UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. REPOSH, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-02524 |
| v. | (MEHALCHICK, M.J.) |
| CATHERINE SELLERS, et al., | |
| Defendants. | |

# MEMORANDUM

Plaintiff Daniel J. Reposh initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a *pro se* complaint in this matter on December 18, 2012, seeking damages and injunctive relief for alleged violations of the Eighth Amendment arising from the inadequate medical treatment he received from a number of PrimeCare Medical employees while incarcerated in the Monroe County Correctional Facility. (Doc. 1). On April 17, 2013, counsel entered an appearance on behalf of Plaintiff. A counseled amended complaint was filed on December 12, 2013. (Doc. 37). Presently pending before the Court are Plaintiff's motion to substitute pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, to which Defendants have filed an oppositional response, and Defendants' motion to dismiss for failure to substitute (Doc. 67). [1] For the reasons stated herein, the Court will deny Plaintiff's motion to substitute and grant Defendants' motion to dismiss.

---

[1] Additionally before the Court are Defendants' motions for summary judgment (Doc. 62; Doc. 68). Because the Court grants Defendants' motion to dismiss, it will deny as moot Defendants' summary judgment motions.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On December 18, 2012, Plaintiff Daniel J. Reposh brought this 42 U.S.C. § 1983 civil rights action against Monroe County Correctional Facility and PrimeCare Medical employees for alleged violations of his Eighth Amendment rights arising from the lack of medical treatment he received at the Monroe County Correctional Facility for a fractured toe, which subsequently required surgery and removal of a portion of the bone after his release from confinement.

Plaintiff died on October 21, 2015. (Doc. 67-1, at 1). On December 17, 2015, Plaintiff's counsel filed a suggestion of death upon the record, which identified Donald Reposh as the executor of Plaintiff's estate. (Doc. 60). On February 8, 2016, Plaintiff's counsel filed a motion to substitute Donald Reposh as the Plaintiff pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Doc. 67). On February 9, 2016, Defendants filed a response to Plaintiff's motion to substitute, in which they contended that no letters of administration or other documentation were offered supporting that Donald Reposh was legally appointed as the executor of Plaintiff's estate. (Doc. 71). Upon consideration of Defendants' response to the motion to substitute, the Court entered an Order on February 17, 2016, deferring its ruling on the pending motion to substitute until March 2, 2016, in order to permit Plaintiff's counsel to submit a letter of administration, affidavit, or other documentation substantiating that Donald Reposh was appointed executor of Plaintiff's estate. (Doc. 72). No supporting documentation was submitted within that timeframe. On March 4, 2016, the Court issued an Order to show cause why the pending motion to substitute should not be denied for failure to provide appropriate documentation confirming Donald Reposh's appointment as executor of Plaintiff's estate. (Doc. 73). Again, Plaintiff did not file a response. In light of this unresponsiveness, the

Court scheduled a telephone status conference with the parties for March 24, 2016 to address the pending motion to substitute. (Doc. 74). Prior to conducting that telephone conference, however, Defendants filed a motion to dismiss for failure to substitute, together with a brief in support thereto. (Doc. 75; Doc. 76).

During the telephone conference, Plaintiff's counsel admitted that upon further investigation, and after conferring with Plaintiff's heirs, it was discovered that Donald Reposh did not, in fact, initiate any proceeding to open an estate on behalf of Plaintiff, and furthermore, has no interest in doing so. The Court advised the parties at that time that, there being no real party in interest to maintain the action as represented by Plaintiff's counsel, denial of the pending motion for substitution and consequently, dismissal of the action, would be warranted in accordance with the Federal Rules. However, the Court indicated that it would defer issuing any such ruling until the briefing period on the motion to dismiss expired on April 4, 2016.

No brief in opposition to Defendants' motion to dismiss has been filed. Therefore, this matter is now ripe for disposition.

I.     **DISCUSSION**

Rule 25 (a) (1) authorizes the substitution of proper parties in the event of an existing party's death while litigation is ongoing. It provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

 A court presented with a Rule 25 motion must inquire into whether: (1) the claims pled are extinguished; (2) the motion is timely;  and (3) the person being substituted is the proper party.

*Cuoco v. Palisades Collection, LLC*, No. CIV.A. 13-6592 JLL, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014) (quoting *Veliz v. Cintas Corp.,* No. 03–1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008)). Rule 25 "'does not resolve the question [of] what law of survival actions should be applied[,] . . . [but rather,] simply describes the *manner* in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death.'" *Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012) (quoting *Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1978) (alterations and emphasis in original)).

As a threshold matter, Rule 25 requires that the Court determine at the outset whether Plaintiff's civil rights claims brought under 42 U.S.C. § 1983 were automatically extinguished upon his death. In that regard, the United States Supreme Court has instructed that survival of civil actions under § 1983 upon the death of a party is governed, pursuant to 42 U.S.C. § 1988, by the law of the forum state, so long as "not inconsistent with the Constitution and laws of the United States." *Robertson,* 436 U.S. at 588–89. Thus, the Court must look to Pennsylvania law of survivorship—the law of the forum state—to determine whether Plaintiff's claims are extinguished. *See Giles,* 698 F.3d at 155–56. Pennsylvania's survivorship statute provides that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants." 42 Pa. Cons. Stat. § 8302. This statute broadly favors the survival of civil actions following the death of a party. Further, Pennsylvania's survival statute is wholly consistent with the policies underlying § 1983, which "include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson,* 436 U.S. at 591; *see also Rocco v. Bickel*, No. 1:12-CV-829, 2013 WL 4000886, at *2 (M.D. Pa. Aug. 5, 2013).

Accordingly, it is clear that the claims presented in this action are not extinguished by Plaintiff's death.

As to the timeliness of the motion to substitute, Plaintiff's counsel filed the motion on February 8, 2016, fifty-three (53) days from the date the suggestion of death was entered on the record on December 17, 2015. Therefore, the motion to substitute was, on its face, timely filed in accordance with Rule 25(a)(1). *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed").

Having established that the claims pled are not extinguished, and that the motion for substitution was timely filed, the Court is left with determining whether Donald Reposh qualifies as a proper substitute party to assume Plaintiff's litigation position. Decisions regarding party substitutions plainly rest within the court's discretion. *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994); *see* Fed. R. Civ. P. 25(a)(1) (providing that the court "*may* order substitution of the proper party") (emphasis added)). Indeed, the "'decision whether to substitute parties lies within the discretion of the trial judge and [the court] may refuse to substitute parties in an action even if the party so moves.'" *Rocco*, 2013 WL 4000886, at *2 (quoting *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978)).

By its plain language, Rule 25 contemplates that a properly substituted party may be a "representative" or "successor" of a deceased party. However, it is "axiomatic that Rule 25 [likewise] limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party.'" *Heath v. Martin*, No. 4:04-CV-2275, 2013 WL 3776412, at *2 (M.D. Pa. July 17, 2013) (quoting *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999)). Thus, since Rule 25 is merely a procedural device for substituting a party when a claim

is not extinguished, and § 1983 does not address the issue of standing for survivor actions, the Court must adhere to Pennsylvania's survival statute in deciding the proper substitute party to maintain a survival suit. *See Fleckenstein v. Crawford*, No. 1:14-CV-1085, 2015 WL 5829758, at *15 (M.D. Pa. Oct. 1, 2015) ("In such a situation, the Supreme Court requires federal courts to look to the law of the forum as the principle reference point in order to determine who is a proper plaintiff and whether a decedent's § 1983 claims survive the decedent's death."); *Wallace ex rel. Wallace v. Novartis Pharmaceuticals Corp.*, 984 F. Supp. 2d 377, 382 (M.D. Pa. 2013) ("The Court concludes that Pennsylvania law determines whether [a person] is the 'proper party' for substitution."). 20 Pa. Cons. Stat. § 3373 states that an "action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive." *See also* 20 Pa. Cons. Stat. § 3372 ("Substitution of the *personal representative* of a deceased party to a pending action or proceeding shall be as provided by law.") (emphasis added). Only the decedent's *personal representative* therefore has the capacity to represent the interests of the decedent under Pennsylvania's survival statute. "Personal representative" is defined in this context as the "executor or administrator" of the estate. 20 Pa. Cons. Stat. § 102. In order for an individual to be properly appointed as an executor or administrator of an estate, he or she must petition for a grant of letters of administration or letters testamentary pursuant to 20 Pa. Cons. Stat. §§ 3151 and 3155. *See Wallace ex rel. Wallace*, 984 F. Supp. 2d at 384; *Gee v. CBS, Inc.*, 471 F. Supp. 600, 611, 615-16 (E.D. Pa. 1979) *aff'd,* 612 F.2d 572 (3d Cir. 1979).

      Here, Defendants move for dismissal of this action on the basis that Plaintiff's counsel has not proffered any evidence supporting the representation that Donald Reposh is the executor of Plaintiff's estate. As detailed above, when first presented with this objection, the

Court afforded counsel an opportunity to further inquire into, and provide supporting documentation evidencing, the appointment of a personal representative to administer Plaintiff's estate. The result of that concerted effort was revealed by Plaintiff's counsel during the telephone conference, who candidly acknowledged that Donald Reposh, Plaintiff's father, was never properly appointed as the executor of the estate in so far as he never filed a petition for letters of administration to open an estate, and more importantly, has no desire to do so. Thus, based upon the uncontroverted report of counsel for Plaintiff, the Court concludes that the motion for substitution presently before the Court is defective, as Donald Reposh is not the personal representative of Plaintiff and therefore cannot be substituted as the proper party plaintiff in this action. Therefore, the Court must deny the pending motion for substitution. Consequently, because the motion for substitution is invalid, Rule 25 compels dismissal of Plaintiff's claims against Defendants. Accordingly, the Court will grant Defendants' motion to dismiss.

## II. CONCLUSION

Based upon the foregoing, Plaintiff's motion for substitution (Doc. 67) will be **DENIED**. Defendants' unopposed motion to dismiss pursuant to Rule 25(a)(1) (Doc. 75) will be **GRANTED**. Defendants' motions for summary judgment (Doc. 62; Doc. 68) will be **DENIED AS MOOT**.

An appropriate Order follows.

Dated: April 6, 2016                                                          *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **United States Magistrate Judge**